IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 20, 2022

## ADAM J. ROTHBERG v. FRIDRICH & ASSOCIATES INSURANCE AGENCY, INC. ET AL.

**Appeal from the Circuit Court for Davidson County**
No. 15C3198          Kelvin D. Jones, Judge

———————————————————

**No. M2022-00827-COA-T10B-CV**

———————————————————

This is an interlocutory appeal under Tennessee Supreme Court Rule 10B.  We affirm the trial court's denial of the Appellant's recusal motion.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Circuit Court Affirmed**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Neil M. McIntire, Nashville, Tennessee, for the appellant, Adam J. Rothberg.

Christopher W. Cardwell, A. Scott Derrick, and M. Thomas McFarland, Nashville, Tennessee, for the appellee, Fridrich & Associates Insurance Agency, Inc.

## MEMORANDUM OPINION[1]

In a recent Opinion, we dismissed the Appellant Adam Rothberg's efforts to seek interlocutory review of a recusal issue, citing a number of deficiencies regarding Mr. Rothberg's appellate submissions.  *See Rothberg v. Fridrich & Assocs. Ins. Agency, Inc.*,

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value.  When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

No. M2022-00795-COA-T10B-CV, 2022 WL 2188998 (Tenn. Ct. App. June 17, 2022) ("*Rothberg I*"). Mr. Rothberg has since filed the present appeal, which involves another effort to seek interlocutory review over the same recusal issue. In support thereof, Mr. Rothberg has submitted additional materials in an ostensible effort to correct his prior shortcomings. As in *Rothberg I*, we proceed to address the appeal summarily based on Mr. Rothberg's submissions alone and without oral argument. *See* Tenn. Sup. Ct. R. 10B, § 2.05 (providing that the appellate court may act summarily on the appeal if it determines that no answer is needed); Tenn. Sup. Ct. R. 10B, § 2.06 (providing that the accelerated interlocutory appeal shall be decided on an expedited basis and, in the court's discretion, without oral argument).

Perplexingly, although Mr. Rothberg's submissions in this appeal responded to the initial issue we identified in our prior Opinion (his failure to attach proper copies of certain recusal materials from the trial court), his submissions left another of our prior concerns wholly unaddressed. In *Rothberg I*, we noted in relevant part as follows:

> Mr. Rothberg's appellate submissions are deficient in another respect. Indeed, littered throughout the purported trial court filings that are included, as well as in the petition for recusal appeal itself, are citation references to other trial court filings that are *not* included among Mr. Rothberg's appellate submissions. Although Mr. Rothberg specifically directs our attention to these filings in partial support of his request for relief, employing a number of "See" and "see also" calls, it is important to stress that, in the context of an accelerated interlocutory appeal under Rule 10B, we cannot physically see something that is not provided in connection with the initiating petition. Again, as noted earlier, "[i]n expedited interlocutory appeals under Rule 10B, the only record the appellate court generally has is the record provided by the appellant with his or her petition."

*Rothberg I*, at *2. This concern has persisted, with Mr. Rothberg again even affirmatively representing that some of his referenced materials are not attached but "available in the Trial Court's file." Our comments in *Rothberg I* are instructive with respect to this explanation:

> Mr. Rothberg's overall position on appeal obviously does not "exclusively" stem from these omitted filings (which appears to be an additional explanation on his part for their present omission), but he clearly relies on them throughout for support, as well as context (and did so before the trial court), hence the multiple "See" and "see also" references. Moreover, **the fact that these other filings may exist in the trial court record does not enable us to review them in connection with the appeal if they are not provided to us.**

*Id.* at *2 n.3 (emphasis added).

Even if we put this concern aside and endeavor to soldier on to reach the heart of the appeal, we are of the opinion that no relief should issue in Mr. Rothberg's favor. We observe that when the trial court denied Mr. Rothberg's recusal motion, it specifically concluded, among other things, that Mr. Rothberg had filed his motion "for the purpose of delaying the trial."[2] The materials provided to us provide ample support for this conclusion.

In *Rothberg I*, we stated that "Mr. Rothberg's motion appears to have been filed on June 10, 2022, mere days before the scheduled commencement of trial on June 21, 2022." *Id.* at *1. The materials submitted in connection with the present appeal confirm this filing date, and the petition for recusal appeal itself signals that Mr. Rothberg was previously aware of the allegedly disqualifying information but nonetheless waited until after *subsequent* adverse rulings, and just before trial, to file his recusal motion. In relevant part, Mr. Rothberg's petition for recusal appeal recites that the information creating "an untenable position for [the trial court judge] to continue to preside" was firmly determined "weeks earlier" and that "[i]n light of that" information, "the Motion to Disqualify became necessary." Yet, despite being armed with knowledge of that information, Mr. Rothberg clearly subsequently participated in court proceedings before the judge without any objection. It was not until he later received adverse rulings, and shortly before trial, that he sought the judge's disqualification. Such a practice should not be countenanced, even assuming Mr. Rothberg was not specifically animated by a desire to merely delay the trial:

> "[R]ecusal motions must be filed promptly after the facts forming the basis for the motion become known." *Kinard*, 986 S.W.2d at 228 (citations omitted). "Courts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order 'to experiment with the court[.]'" *Id.* (citations omitted). "It is a well known and well accepted rule that a party must complain and seek relief immediately after the occurrence of a prejudicial event and may not silently preserve the event as an 'ace in the hole' to be used in event of an adverse decision." *Gotwald v. Gotwald*, 768 S.W.2d 689, 694 (Tenn. Ct. App. 1988) (citation omitted).

*Berg v. Berg*, No. M2018-01163-COA-T10B-CV, 2018 WL 3612845, at *5 (Tenn. Ct. App. July 27, 2018).

---

[2] As we discussed in *Rothberg I*, "the trial court also noted that Mr. Rothberg complained about several past rulings as indicative of alleged judicial bias," referencing well-settled case law that adverse rulings, even erroneous, numerous, and continuous, do not justify disqualification on their own. *Rothberg I*, at *1.

Based on the above discussion, we conclude that Mr. Rothberg's appeal is without merit, and the order of the trial court is hereby affirmed.

_s/ Arnold B. Goldin_
ARNOLD B. GOLDIN, JUDGE